The State *v.* Good.

## The State *v.* Dan Good.

Costs. *Justice of peace. Warrant.* A warrant issued upon information and the person making oath informing the justice of the peace that he knew nothing of the facts himself, but had been told by a third party that the offense had been committed, is improvidently issued and without sufficient legal grounds, and the justice is not entitled to have cost taxed against county.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. Horrigan, J.

Attorney-General Lea for the State.

Luke E. Wright for Justice.

The State *v.* Good.

DEADERICK, C. J., delivered the opinion of the court.

In this case, P. J. Quigley, a justice of the peace of Shelby county, upon the information on oath, of one C. Herndon, issued a warrant for one Dan Good, for assault and battery. Good was discharged, and the justice asked the court to allow his costs to be taxed, for payment by the county.

The judge was of opinion that the warrant was groundlessly and improvidently issued, and refused to allow the justice any costs, and he has appealed to this court.

The party giving the information to the justice, knew nothing of the commission of the offense, but had been told by a third party such offense had been committed, and so stated to the justice. Under these circumstances the magistrate ought not to have issued a warrant, as being informed that the informant knew nothing about the matter, he could not have been satisfied that such offense was committed, as he should have been before issuing the warrant: Code, sec, 5022.

The warrant was, therefore, issued improvidently and without sufficient legal grounds, and the judgment of the criminal court refusing to tax the costs thereof is affirmed.